UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: ROSEMARY RAMOS | : | Chapter 13 |
| Debtor | : | Case No. 5:20-BK-01931 |
| | : | |
| ROSEMARY RAMOS, | : | |
| Plaintiff, | : | Adversary Proceeding |
| v. | : | |
| | : | No. |
| PINE RIDGE COMMUNITY ASSOCIATION, | : | |
| Defendant. | : | |

## COMPLAINT FOR VIOLATION OF AUTOMATIC STAY

AND NOW COMES Plaintiff/Debtor, Rosemary Ramos, by and through her attorneys, Newman Williams, P.C., and complains of Pine Ridge Community Association as follows, and in support thereof avers:

1. Plaintiff/Debtor, Rosemary Ramos, filed the present Chapter 13 Bankruptcy Case on June 25, 2020 ("Filing Date").

2. Defendant is Pine Ridge Community Association, a Pennsylvania nonprofit corporation with an address of 4770 Pine Ridge Drive W, Bushkill, PA 18324.

3. Jurisdiction is appropriate in the Middle District of Pennsylvania. 28 U.S.C. § 1334.

4. Debtor's home is in the private community known as Pine Ridge ("Pine Ridge"), which is governed by the Pine Ridge Community Association ("The Association"), the Defendant herein.

5. The Association assesses dues and assessments ("Dues") against properties in Pine Ridge, including Debtor's home.

6. The most recent invoice for Dues received by Debtor from the Association prior to the Filing date was dated December 12, 2019 and is attached hereto as Exhibit "A".

7. The mailing address of the Association reflected on Exhibit "A" was 4770 Pine Ridge Drive W, Bushkill, PA 18324 (the "Association's Address").

8. Both the mailing matrix filed by Debtor with the Clerk of Court on the Filing Date and Debtor's Schedule D listed the Association as well as the Association's address. The Matrix and Schedule D are attached as Exhibits "B" and "C", respectively.

9. On or about June 26, 2020, the day following the Filing Date, the Bankruptcy Noticing Center issued an official form 3091, Notice of Chapter 13 Bankruptcy Case, which by rule and custom was served by U.S. Mail upon all parties listed on the Matrix, including the Association at the Association's Address.

10. On July 8, 2020, Debtor's attorney sent a letter via fax to John Lucas, Esq., who upon information and belief was the Association's attorney, advising of Debtor's bankruptcy filing. The letter to Attorney Lucas is attached as Exhibit "D".

11. On August 13, 2020, the Association, through its attorney, John Lucas, Esq., filed a timely Proof of Claim with the herein Court, at Claim No. 17 (the "Proof of Claim").

12. On September 30, 2020, in response to an Amended Chapter 13 Plan filed by Debtor on July 24, 2020, the Association, by and through Attorney Andrew J. Katsock, III, Esq., filed an Objection to Confirmation ("Objection to Confirmation"), which was docketed at Docket No. 27.

13. On October 8, 2020, Debtor filed an Objection to the Association's Proof of Claim ("Objection to Claim") docketed at Docket No. 29.

14. The Objection to Confirmation and Objection to Claim were later resolved pursuant to a Stipulation ("Stipulation") between parties, docketed at Docket No. 41.

15. The terms of the Stipulation required the Association, at paragraph 2, to file an Amended Proof of Claim providing for a secured claim of $5,000.00. The Claims Register shows no Amended Proof of Claim being filed by or on behalf of the Association.

16. By virtue of the filing of its Proof of Claim, Objecting to Debtor's First Amended Plan and defending Debtor's Objection to Proof of Claim, in addition to the presumptive notice provided by the Bankruptcy Noticing Center, the Association was keenly aware of Debtor's pending Chapter 13 case and the existence of the automatic stay.

17. In May 2021, almost a year after the Filing Date, the Association mailed Debtor an invoice demanding payment of both pre-petition and post-petition dues.

18. Debtor repeatedly called the Association office requesting that a revised invoice be generated which reflected the $5,000.00 settlement amount. No invoice was received.

19. On May 26, 2021, the Association issued and mailed to Debtor an invoice demanding $16,802.19, an amount comprised primarily of Dues accrued prior to the Filing Date. The Association's invoice is attached as Exhibit "E".

20. On February 23, 2022, the Association issued and mailed to Debtor an invoice demanding $14,679.07, an amount comprised primarily of Dues accrued prior to the Filing Date. The Association's invoice is attached as Exhibit "F".

21. On February 28, 2022, the Association issued and mailed to Debtor an invoice demanding $14,679.07, an amount comprised primarily of Dues accrued prior to the Filing Date. The Association's invoice is attached as Exhibit "G".

22. Since the Filing Date, Debtor estimates that she has spoken with Association staff approximately one dozen times regarding improper or inaccurate invoicing for Dues incurred prior to the Filing Date.

23. Debtor believes, and therefore avers, that she is current with dues and assessments incurred with the Association since the Filing Date.

**COUNT I: COMPLAINT FOR VIOLATION OF AUTOMATIC STAY**

24. Plaintiffs incorporate the averments of 1 through 23 above as if set out at length.

25. This Count I constitutes a core proceeding. 28 U.S.C. § 157(b)(2)(A), (E) & (O).

26. By continuing collection efforts for pre-petition debt after the bankruptcy filing, Defendant has violated the automatic stay. 11 U.S.C. § 362(a)(1).

27. By repeatedly sending invoices to Plaintiff/Debtor, Defendant has violated the automatic stay by perpetrating an act to collect, assess, or recover a claim against the debtor. 11 U.S.C. § 362(a)(6).

28. Defendant's continued post-petition collection efforts, while fully aware of Debtor's bankruptcy case, constitute a willful violation of the automatic stay.

29. As a result of the Defendant's willful violation of the automatic stay, Plaintiff has suffered anxiety, anxiousness, loss of sleep, and other physical consequences.

WHEREFORE, Plaintiff/Debtor Rosemary Ramos respectfully prays this Honorable Court for an Order entering judgment in her favor and against Pine Ridge Community Association, for actual damages, attorneys' fees, and punitive damages, and for such other and further relief as the Honorable Court deems just and appropriate.

## COUNT II: INJUNCTIVE RELIEF

30. Plaintiffs incorporate the averments of 1 through 29, above, as if set out at length.

31. This Count II constitutes a core proceeding. 28 U.S.C. § 157(b)(2)(A), (E) & (O).

WHEREFORE, Plaintiff/Debtor Rosemary Ramos respectfully prays this Honorable Court for an Order entering judgment in her favor and against Pine Ridge Community Association, which enjoins Pine Ridge Community Association from taking any further action to collect pre-petition dues, assessments, and fees, awards Plaintiff attorneys' fees as damages, and for such other and further relief as the Honorable Court deems just and appropriate.

Respectfully submitted,

Dated: April 13, 2022

*/s/ Robert J. Kidwell*
Robert J. Kidwell, Esq.
(PA ID No. 206555)
NEWMAN WILLIAMS, P.C.
712 Monroe Street
Stroudsburg, PA 183360
T: (570) 421-9090
F: (570) 424-9739
rkidwell@newmanwilliams.com

*Attorney for Plaintiff/Debtor*